UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **RICHARD KOPCHO and** ) | **Case No. 11-35850 HRT** |
| **NANCY KOPCHO,** ) | **Chapter 7** |
| ) | |
| **Debtors.** ) | |
| ) | |
| ) | |
| **STEWARD SOFTWARE COMPANY,** ) | **Adversary No. 11-2019 HRT** |
| **LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **RICHARD KOPCHO,** ) | |
| ) | |
| **Defendant.** ) | |

### ORDER ON MOTIONS FOR SUMMARY JUDGMENT

This case comes before the Court on *Plaintiff's Motion for Summary Judgment* (docket #18) and Defendant's *Amended Motion for Summary Judgment and Brief in Support Thereof* (docket #33).

### I.  FACTS

In the case of *Steward Software Co., LLC v. Kopcho*, 266 P.3d 1085 (Colo. 2011), the Colorado Supreme Court described the background of the parties' dispute as follows:

> Steward Software hired Kopcho, who initially acted through a number of different corporate entities and later acted only through Holonyx, Inc., to develop and market a new software program. Steward Software never entered into a written agreement governing the ownership of the software with Holonyx, Kopcho, or any of Kopcho's previous corporations. Kopcho and Steward Software did, however, exchange many emails discussing ownership of the software that Kopcho was developing.
>
> By the time the software was ready for initial testing, the relationship between the parties had become strained. Steward Software refused to make further payments and, at Kopcho's direction, Holonyx locked Steward Software out of the software code and refused to turn the code over to Steward Software.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
Adversary No. 11-2019 HRT

> Holonyx then filed a copyright registration for the software with the United States Copyright Office, listing as the software's author a new corporation that Kopcho controlled called Ruffdogs Software, Inc.
>
> Steward Software [sued] Holonyx and Kopcho . . . for, among other claims, breach of contract, breach of fiduciary duty, and civil theft. All of these claims arise under Colorado law. In its claim for theft, Steward Software alleged that defendants "unlawfully exercis[ed] dominion and control of the Property without authorization." The complaint defined "the Property" as "the software as well as [a website and associated domain names], the source code, the object code, all software documentation, [certain marketing materials] for which it ha[d] paid and the associated intellectual property rights." In their answer, defendants asserted, among other affirmative defenses, that they owned the software. They also counterclaimed for breach of contract against Steward Software.

*Id*. at 1086.

Thereafter, on December 10, 2013, the District Court, Larimer County, Colorado (the "State Court"), entered judgment in favor of the Plaintiff and against the Defendant on the Plaintiff's civil theft claim in Case No. 07 CV 831, as follows:

1. Judgment is hereby entered in favor of Steward Software Company, LLC and against Defendant Richard Kopcho on its civil theft claim in the amount of $168,025.

2. Judgment is hereby entered in favor of Steward Software Company, LLC and against Defendant Richard Kopcho for statutory damages pursuant to C.R.S. § 18-4-405 in the amount of $336,050.

3. Interest on the damages for civil theft accrue at the statutory rate beginning July 12, 2007, which is in the amount of $106,089.94 as of November 15, 2013.

4. Interest on the statutory damages shall accrue from July 14, 2009, which is in the amount of $133,668.13 as of November 15, 2013.

The above referenced judgments were entered following a full jury trial on the merits of the Plaintiff's complaint in the State Court as well as appellate proceedings in the Colorado Court of Appeals and the Colorado Supreme Court.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
Adversary No. 11-2019 HRT

## II. DISCUSSION

Plaintiff seeks a declaration by this Court that its judgments against the Defendant are nondischargeable under 11 U.S.C. § 523(a). Both parties have filed motions for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56.[1] The record before the Court consists of proceedings between the parties in the State Court. The narrow issue before the Court is whether, under principles of collateral estoppel, the Defendant is precluded from denying the nondischargeability of the Plaintiff's civil theft judgments. He is.

> In determining the preclusive effect of a state court judgment, the full faith and credit statute, 28 U.S.C. § 1738, directs a federal court to refer to the preclusion law of the State in which judgment was rendered. Issue preclusion is a judicially created, equitable doctrine that bars the relitigation of an issue that has been previously decided in another proceeding. It is designed to relieve parties of multiple lawsuits, conserve judicial resources, and promote reliance on the judicial system by preventing inconsistent decisions.

*In re Hauck*, 489 B.R. 208, 213 (D. Colo. 2013) (citations and quotations marks omitted).

Because the judgment that Plaintiff relies on was rendered by a Colorado district court, Colorado's law of collateral estoppel is applicable. In Colorado, re-litigation of an issue is precluded where:

1. The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding;
2. The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding;
3. There was a final judgment on the merits in the prior proceeding;
4. The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*Bebo Const. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84-85 (Colo. 1999).

Of those four elements, the first – whether the issue decided in the prior case is identical to the issue sought to be precluded in the subsequent case – is the only one that merits any discussion. On the face of the plethora of judicial opinions rendered in the course of the parties' litigation, it is clear that the Defendant was a party to the prior litigation (factor #2); a final

---

[1] Made applicable to this proceeding by FED. R. BANKR. P. 7056.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
Adversary No. 11-2019 HRT

judgment has been entered on the merits of the civil theft claim (factor #3); and the Defendant took full advantage of his opportunity to litigate (factor #4).

The Plaintiff seeks a declaration of nondischargeability under either or both 11 U.S.C. §§ 523(a)(4) or 523(a)(6). The Court must render judgment for the Plaintiff if it finds the debt the Defendant owes to the Plaintiff was incurred either "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny," 11 U.S.C. § 523(a)(4), or "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

A.  Embezzlement under 11 U.S.C. § 523(a)(4).

Necessary to the State Court's judgment that the Debtor had committed civil theft is a finding that he was guilty of theft under Colorado's criminal statutes. *Itin v. Ungar*, 17 P.3d 129, 133 (Colo. 2000) ("[T]he General Assembly intended for this statute to require proof of the commission of a criminal act . . . ."). The State Court's necessary finding that Defendant committed theft under Colorado's criminal statute – based on a jury verdict – precludes the Defendant from denying he has committed larceny or embezzlement under 11 U.S.C. § 523(a)(4).

Theft, under Colorado law, is defined as follows:

A person commits theft when he or she knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception; or receives, loans money by pawn or pledge on, or disposes of anything of value or belonging to another that he or she knows or believes to have been stolen, and:
(a)   Intends to deprive the other person permanently of the use or benefit of the thing of value;
(b)   Knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit;
(c)   Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use or benefit;
(d)   Demands any consideration to which he or she is not legally entitled as a condition of restoring the thing of value to the other person; or
(e)   Knowingly retains the thing of value more than seventy-two hours after the agreed-upon time of return in any lease or hire agreement.

COLO. REV. STAT. § 18-4-401.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
Adversary No. 11-2019 HRT

Two elements are required to constitute theft under Colorado law. The first element goes to *conduct* – exercising control over property of another without authorization. The second element goes to the *result* of the conduct – permanently depriving the owner of the use or benefit of the property. The statute prescribes a state of mind for each of the elements. The actor must *knowingly* exercise control over the property to satisfy the first element. To satisfy the second element, at minimum, the actor must *knowingly* act in such a way as to deprive the owner of the use or benefit of the property.[2] Under the Colorado criminal statutes, the criminal state of mind expressed as "'knowingly' or 'willfully.'" is defined as follows

> A person acts "knowingly" or "willfully" with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists. A person acts "knowingly" or "willfully", with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause the result.

COLO. REV. STAT. § 18-1-501.

Thus the judgment rendered against the Defendant in the State Court represents a conclusive adjudication that the Defendant was aware that he was exercising control over property owned by the Plaintiff and that acted in a manner that he knew was practically certain to permanently deprive the Plaintiff of its property.

There are three bases for a finding of nondischargeability under § 523(a)(4): 1) "fraud or defalcation while acting in a fiduciary capacity;" 2) "embezzlement;" or 3) "larceny." The State Court proceeding that the Plaintiff relies on does not establish the kind of express fiduciary capacity required for nondischargeability on account of "fraud or defalcation while acting in a fiduciary capacity."[3] For nondischargeability on account either of "embezzlement" or "larceny" the Court looks to the common law for elements of those crimes.

---

[2] Section 18-4-401(1)(a) thru (e) describe multiple ways in which the second element of the crime may be satisfied. Subsections (a) and (c) require *intentional* conduct; subsections (b) and (e) require *knowing* conduct. Subsection (d) appears not to require proof of a state of mind to satisfy the second element of the crime under those particular circumstances.

[3] The Court cannot say that such a fiduciary relationship was not contractually present in this case. But fiduciary capacity was not an essential element of the State Court's civil theft judgment.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
Adversary No. 11-2019 HRT

"For purposes of establishing nondischargeability under section 523(a)(4), embezzlement[4] is defined under federal common law as 'the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come.'" *Klemens v. Wallace (In re Wallace)*, 840 F.2d 762, 765 (10th Cir. 1988) (citations omitted). "This definition breaks down into five elements: 1. Entrustment (property lawfully obtained originally); 2. Of property; 3. Of another; 4. That is misappropriated (used or consumed for a purpose other than that for which it was entrusted); 5. With fraudulent intent." *Bryant v. Tilley (In re Tilley)*, 286 B.R. 782, 789 (Bankr. D. Colo. 2002). "Embezzlement, for purposes of 11 U.S.C. § 523 ... 'requires fraud in fact, involving moral turpitude or intentional wrong, rather than implied or constructive fraud.'" *In re Black*, 787 F.2d 503, 507 (10th Cir. 1986) (quoting *American Family Insurance Group v. Gumieny (In re Gumieny)*, 8 B.R. 602, 605 (Bankr. E.D. Wis. 1981)).

The State Court entered judgment against the Defendant for theft as it is defined under Colorado statutory law. Colorado's statute is a consolidated theft statute that no longer recognizes the common law distinctions between larceny and embezzlement. *Roberts v. People*, 203 P.3d 513, 516 (Colo. 2009) (en banc) ("Colorado is among the substantial majority of states that have consolidated the crimes of larceny, embezzlement, and theft under false pretenses in a single crime of theft.").

The facts established in the state proceedings show that Defendant lawfully possessed the software code that the State Court jury found he had stolen from the Plaintiff. He had been hired to develop and market the computer software for the Plaintiff and the civil theft verdict in the State Court establishes conclusively that the software code was the property of the Plaintiff. It also establishes conclusively that he misappropriated the code contrary to the Plaintiff's legal rights and contrary to the parties' agreement.

Finally, the "knowing" state of mind required under Colorado's theft statute satisfies the element of fraudulent intent necessary to find embezzlement under 11 U.S.C. § 523(a)(4). At common law, the term fraudulent did not, as might be supposed, refer to an act accomplished through misrepresentation or deceit. To the contrary, it indicated a more general *scienter* or guilty knowledge. *See* BLACK'S LAW DICTIONARY 672 (7th ed. 1999) (defining "fraudulent act" as "[c]onduct involving bad faith, dishonesty, a lack of integrity or moral turpitude." The First Circuit explained in *Sherman v. Potapov (In re Sherman)*, 603 F.3d 11 (1st Cir. 2010),

---

[4] The Court will not discuss larceny. Under common law – applicable to nondischargeability for larceny or embezzlement under § 523(a)(4) – the difference between larceny and embezzlement "is that with embezzlement, the debtor initially acquires the property lawfully, whereas larceny requires that the funds originally come into the debtor's hands unlawfully." *In re Ghaemi*, 492 B.R. 321, 325 (Bankr. D. Colo. 2013). The facts of this case do not imply a taking that was initially unlawful.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
Adversary No. 11-2019 HRT

> [T]o amount to embezzlement, conversion must be committed by a perpetrator with fraudulent intent, and the question is whether the bankruptcy court found it on [the defendant's] part. *Young* is helpful . . . in its example of embezzlement by using entrusted money for the recipient's own purposes in a way he knows the entrustor did not intend or authorize. It is knowledge that the use is devoid of authorization, scienter for short . . . that makes the conversion fraudulent and thus embezzlement, and it is just this knowledge that the bankruptcy court found that [the defendant] had as a participant in the conversion.

*Id*. at 13 (citing *United States v. Young*, 955 F.2d 99, 102 (1st Cir. 1992); *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997).[5] The focus for a finding of fraudulent intent under the common law was upon the perpetrator's *knowledge* of the wrongfulness of his act. It is the Defendant's *knowledge* that he exercised control over the Plaintiff's software code without authorization and his *knowledge* that his act was practically certain to permanently deprive the Plaintiff of its software code that were necessary findings for the State Court jury to find the Defendant liable for civil theft.

Even though Colorado's unified theft statute uses more modern statutory language and the crimes of larceny and embezzlement referred to in 11 U.S.C. § 523(a)(4) have common law roots, the issues that underpin civil theft, for which the Defendant was found liable in a Colorado State Court, are sufficient to establish the Defendant's liability for embezzlement under the Bankruptcy Code. The issues are identical for purposes of the application of collateral estoppel. The Court easily finds that, under Colorado's collateral estoppel rules, the Defendant must be estopped from once again litigating the issue of whether or not he stole the Plaintiff's software code. He has had his day in court – quite a number of them in fact – and the matter has been conclusively determined in the State Court.

---

[5] A division of this Court has held that a complaint alleging larceny or embezzlement under 11 U.S.C. § 523(a)(4) fails to state a claim for relief where it fails to allege facts that constitute actual fraud. *Tague & Beem v. Tague (In re Tague)*, 137 B.R. 495 (Bankr. D. Colo. 1991). However, in *Bryant v. Lynch (In re Lynch)*, 315 B.R. 173 (Bankr. D. Colo. 2004), Judge Brown explained that the fraudulent intent element of larceny under the common law for purposes of 11 U.S.C. § 523(a)(4) is not the same as fraud under 11 U.S.C. 523(a)(2). *Id*. at 181. In *Lynch*, Judge Brown found that the fraudulent intent required to prove embezzlement or larceny under § 523(a)(4) is an "intent to steal" and that a conviction under Colorado's unified theft statute is sufficient to establish such intent. *Id*. More recently, in *Martin v. Hauck (In re Hauck)*, 466 B.R. 151 (Bankr. D. Colo. 2012) Judge Brooks held that liability under Colorado's theft statute was sufficient to preclude the defendants from denying liability under 11 U.S.C. § 523(a)(4) for embezzlement or larceny. *Id*. at 166.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
Adversary No. 11-2019 HRT

B.  Willful and Malicious Injury under 11 U.S.C. § 523(a)(6)

Upon request by the injured party, the Court must deny discharge of any debt for "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).  Thus, a debt that is nondischargeable under § 523(a)(6) must be incurred both wilfully and maliciously.

The willfulness prong of § 523(a)(6) was addressed in the case of *Kawaauhau v. Geiger*, 523 U.S. 57 (1998).  The plaintiff had sought medical treatment for an injury to her foot but suffered an amputation of her leg due to the defendant's medical malpractice.  She sought to have the defendant physician's liability for her injury declared nondischargeable under § 523(a)(6).  Because liability for medical malpractice is premised on negligent or reckless conduct, not on intentional conduct, the Eighth Circuit Court of Appeals found the defendant's liability to be dischargeable.  The Supreme Court affirmed.  *Id*. at 60.  *Geiger* stands for the principal that to establish the willfulness element under § 523(a)(6) "takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury."  *Id*. at 61.  The actor must "intend 'the *consequences* of an act,' not simply 'the act itself.'"  *Id*. at 61-62 (quoting  RESTATEMENT (SECOND) OF TORTS § 8A, Comment a, p. 15 (1964)).

"Willful injury may be established by direct evidence of specific intent to harm a creditor or the creditor's property.  Willful injury may also be established indirectly by evidence of both the debtor's knowledge of the creditor's . . . rights and the debtor's knowledge that the conduct will cause particularized injury."  *Mitsubishi Motors Credit of America, Inc. v. Longley (In re Longley)*, 235 B.R. 651, 657 (B.A.P. 10th Cir. 1999).

As the Court noted above, the judgment rendered against the Defendant in the State Court represents a conclusive adjudication that the Defendant was aware that he was exercising control over property owned by the Plaintiff and that he acted in a manner that he knew was practically certain to permanently deprive the Plaintiff of its property.  That is precisely the indirect evidence of intent to injure, in satisfaction of § 523(a)(6)'s willfulness prong, that the Bankruptcy Appellate Panel refers to in *Longley*.  235 B.R. at 657.

In addition to willful injury, § 523(a)(6) also requires a showing of malice.  The malice prong of § 523(a)(6) is satisfied upon a showing the injury was inflicted *without just cause or excuse*.  *See, e.g., Tinker v. Colwell*, 193 U.S. 473, 485-86 (1904); *Kuhn v. Driver (In re Driver)*, 305 B.R. 266, 268 (Bankr. N.D. Tex. 2003); *Johnson v. Wood (In re Wood)*, 303 B.R. 370, 373 (Bankr. C.D. Ill. 2003); *Beckett v. Bundick (In re Bundick)*, 303 B.R. 90, 109 (Bankr. E.D. Va. 2003); *Neshewat v. Salem (In re Salem)*, 290 B.R. 479, 485 (S.D. N.Y. 2003);  *McAlister v. Slosberg*, 225 B.R. 9, 21 (Bankr. D. Me. 1998).

The malice prong of § 523(a)(6) does not require a finding that the Defendant was motivated by spite or hatred.  *See, e.g., Old Republic National Title Insurance Co. v. Levasseur*

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
Adversary No. 11-2019 HRT

*(In re Levasseur)*, 737 F.3d 814, 818 (1st Cir. 2013); *Maxfield v. Jennings (In re Jennings)*, 670 F.3d 1329, 1334 (11th Cir. 2012); *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2nd Cir. 2006). Malice may be implied "by the acts and conduct of the debtor in the context of [the] surrounding circumstances. . . . " *St. Paul Fire & Marine Ins. Co. v. Vaughn (In re Vaughn)*, 779 F.2d 1003, 1010 (4th Cir. 1985) (explaining that the implied malice standard delineated in *Tinker v. Colwell*, under the Bankruptcy Act, carried through to the new Bankruptcy Code).

Malice is established here by the nature of the Defendant's act. He was found liable in the State Court for stealing property with a value in excess of $100,000.00. A court might not be able to infer malice from a willful act that is far less consequential. But here, the inherent wrongfulness of the Defendant's theft, as found in the State Court, allows the Court to infer the Defendant's malice. Conviction under Colorado's criminal law for a theft in excess of a value of $100,000.00 is categorized as a class 3 felony, COLO. REV. STAT. § 18-4-401, punishable by a prison term of four to twelve years. COLO. REV. STAT. § 18-1.3-401(1)(a)(V)(A). The felonious nature of the Defendant's act allows the Court to infer malice that satisfies the malice prong of § 523(a)(6).

Because the issues of willful and malicious injury under 11 U.S.C. § 523(a)(6) have been litigated in the State Court and conclusively determined in that court, the Defendant is precluded, under the doctrine of collateral estoppel, from denying liability under § 523(a)(6).

### III. CONCLUSION

"Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). Plaintiff and Defendant have been litigating the issue of the Defendant's theft of the Plaintiff's software code since 2007. They have appeared before the District Court of Larimer County; the Colorado Court of Appeals; and the Colorado Supreme Court. In a case such as this, where a federal court is asked to review issues that have been fully litigated and decided in a state court, the proper application of the doctrine of collateral estoppel also serves the interests of federalism and comity so that federal trial courts are not acting in the role of *de facto* courts of appeal.

To the extent that this case presents any real issue at all, it is concerning the question of whether the State Court judgment settled issues identical to the issues involved in this dischargeability proceeding. The other collateral estoppel elements are clearly satisfied. Because the doctrine of collateral estoppel goes to individual issues decided in the State Court and not the claims asserted there, the fact that the State Court addressed a civil theft claim under state law and this Court is addressing federal bankruptcy dischargeability claims makes no difference. What matters is that the issues that were decided in the State Court and that underpin

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
Adversary No. 11-2019 HRT

its ultimate judgment on the civil theft claim satisfy all of the elements necessary for the Court to decide the dischargeability claims. Therefore, it is

    **ORDERED** that *Plaintiff's Motion for Summary Judgment* (docket #18) is GRANTED. It is further

    **ORDERED** that Defendant's *Amended Motion for Summary Judgment and Brief in Support Thereof* (docket #33) is DENIED. It is further

    **ORDERED** that the judgment entered by the District Court, Larimer County, Colorado, in favor of the Plaintiff and against the Defendant on the Plaintiff's civil theft claim in Case No. 07 CV 831 is a nondischargeable debt in this bankruptcy proceeding under 11 U.S.C. §§ 523(a)(4) and 523(a)(6).

    Dated this 12th day of August, 2014.

                            **BY THE COURT:**

                            Howard R. Tallman, Judge
                            United States Bankruptcy Court